# W. H. JOHNSON, APPELLANT, *v.* JOHN H. CURTIS ET AL., RESPONDENTS.

[Submitted May 11, 1898. Decided June 20, 1898.]

In an action to foreclose a mechanic's lien, it was stipulated in the court below that the only question to be tried was as to whether the plaintiff furnished the material under any contract, express or implied, made with defendants or either of them, or with any person or agent having authority to make such contract on the part of the defendants, or either of them, with the plaintiff.

There was a conflict of evidence upon this issue—which was tried to the court without a jury. *Held*, that the finding of the court below would not be reversed on appeal to the Supreme Court.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by W. H. Johnson against John H. Curtis and others. Judgment for defendants and plaintiff appeals. Affirmed.

*Emmett Calahan,* for Appellant.

*M. L. & J. L. Wines,* for Appellees.

*Per Curiam.* Action to foreclose a mechanic's lien. The defendants are the owners of a building in Butte, which was constructed by one Godin as contractor. H. M. Patterson was the architect. The plaintiff put some art glass in the transoms over the doors of the building during its construction by the contractor. That part of the plans and specifications for the construction of the building relating to the glass for the transoms is as follows: "The art glass transoms will be stationary. Glass for these transoms will be worth $2.50 per foot, and will be selected by the architects and owners, and paid for by the contractor." Plaintiff had read the plans and specifications, and knew of the above clause in relation to the glass for the transoms. The plaintiff filed a lien on the building in Silver Bow county for the amount of his account for putting in said glass, and brings this suit to foreclose it. The defendants deny that plaintiff furnished and put in the

glass under any contract, express or implied, made with the defendants, or either of them, or with any agent or person authorized to contract with plaintiff therefor. The case was tried by the court without a jury. The court found in favor of the defendants, and rendered judgment in their favor. Plaintiff appeals.

The sole question as per stipulation, tried by the court below, was as to whether the plaintiff furnished the glass in controversy under any contract, express or implied, made with the defendants, or either of them, or with any person or agent having authority to make such contract on the part of defendants, or either of them, with the plaintiff. It is not disputed that the burden was on plaintiff to prove such contract to entitle him to recover in the action. Whether such contract was ever made was a question of fact. That question was tried by the district court. The most the plaintiff can claim is that there was a conflict of evidence as to this single question. We think the record shows the preponderance of evidence on the issue to be in favor of the defendants. At any rate, there is an abundance of evidence to sustain the decision of the trial court. Under such circumstances, we cannot disturb the conclusion of the trial court.

The judgment appealed from is affirmed.

*Affirmed.*